**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Lee Monts,<br><br>    Plaintiff,<br><br>v.<br><br>Aaron Bowen, et al.,<br><br>    Defendants. | No. CV-18-00754-PHX-DJH (ESW)<br><br>**ORDER** |

    Plaintiff Danny Lee Monts, who is now confined in the Arizona State Prison Complex-Eyman, in Florence, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, alleging excessive use of force (Doc. 8). The Court ordered Defendants Griffiths, Anderson, Del Castillo, and Washington to answer Count II. Service has been executed as to all Defendants (Docs. 17-20). The time to answer has not yet run. Pending before the Court is Plaintiff's Motion to Amend Complaint (Doc. 14). Plaintiff requests "leave of this Court to Amend the Complaint to rectify the deficiencies of the Complaint as outlined in this Honorable Courts order dated November 13th of 2018." (Id. at 2).

"A district court has discretion to adopt local rules. . . . Those rules have 'the force of law.'" *Hollingsworth v. Perry*, 558 U.S. 183 (2010) (citation omitted). Hence, both the parties and the Court are bound by the local rules. LRCiv. 83.3(c) (1) ("Anyone appearing before the court is bound by these Local Rules."); *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). A district court's departure from its local rules is justified only if the effect is "so slight and unimportant that the sensible treatment is to overlook [it]." *Id.* (internal quotation marks and citation omitted).

Local Rule 15.1(a) provides that:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, **which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added**. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a) (emphasis added).

Here, Plaintiff does not indicate in what respect his amended complaint would differ from the Complaint (Doc. 8). Plaintiff has not attached to his Motion a proposed amended complaint with bracketed or struck through text to be deleted and underlined text to be added. Plaintiff's Motion therefore fails to comply with Local Rule 15.1(a), LRCiv. Plaintiff's failure to comply with Local Rule 15.1(a) hinders the Court's ability to consider Plaintiff's request. Therefore, Plaintiff's Motion to Amend Complaint (Doc.14) will be denied without prejudice.[1] Plaintiff may refile a Motion for Leave to Amend his Complaint and proposed First Amended Complaint that complies with Local Rule 15.1(a), LRCiv.

For the reasons set forth herein,

---

[1] *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996) ("Contrary to the defendants' assertions, Dominator's motion for leave to amend its complaint was properly treated as a nondispositive motion."); *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012) ("Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1).") (citation and internal quotation marks omitted).

**IT IS ORDERED** denying without prejudice Plaintiff's Motion to Amend Complaint (Doc. 14).

Dated this 4th day of February, 2019.

_____
Honorable Eileen S. Willett
United States Magistrate Judge