# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Lee Monts,<br><br>Plaintiff,<br><br>v.<br><br>Shaun G Anderson, et al.,<br><br>Defendants. | No. CV-18-00754-PHX-DJH (CDB)<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation ("R&R") issued by United States Magistrate Judge Camille D. Bibles on April 1, 2019. (Doc. 30). The R&R recommends that Plaintiff's Motion for Leave to File an Amended Complaint ("Motion") be denied. Judge Bibles advised the parties that they had fourteen days to file objections to the R&R. Plaintiff filed his objection on April 8, 2019. (Doc. 34). Judge Bibles explained the background and status of this case in the R&R and the Court need not repeat that information here. Having reviewed the R&R de novo in light of the Plaintiff's timely objection thereto, the Court finds that the R&R should be accepted.

**I.  STANDARD OF REVIEW**

The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) . The Court

reviews for clear error the unobjected-to portions of the R&R. *See Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

## II. DISCUSSION

### A. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff should be given leave to amend his complaint when justice so requires. *See, e.g.*, *United States v. Hougham*, 364 U.S. 310, 316 (1960); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001) (citation omitted). Granting or denying leave to amend is a decision committed to the Court's discretion. *See Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012).

### B. Plaintiff's Objections to Judge Bibles' R&R

At issue is Plaintiff's request to amend his Complaint to reinstate Counts One, Two against Defendant Payne, and Three through Seven. Pursuant to the Court's original Screening Order, the only remaining claim of Plaintiff's Complaint was Count II against Defendants Griffiths, Anderson, Del Castillo, and Washington for excessive use of force, in their individual capacities. (Doc. 11 at 22-3). In his proposed Amended Complaint, Plaintiff alleges that he corrected the deficiencies raised by this Court's Screening Order. Judge Bibles, and this Court, disagree.

Having considered Judge Bibles' R&R in light of Plaintiff's Objections (Doc. 34), the Court finds that the Judge Bibles adequately addressed all of Plaintiff's arguments and correctly determined that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 22) should be denied.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Bibles's R&R (Doc. 30) is **ACCEPTED** and **ADOPTED** as the Order of this Court. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 22) is **DENIED**.

Dated this 30th day of August, 2019.

Honorable Diane J. Humetewa
United States District Judge