WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Lee Monts,<br><br>    Plaintiff,<br><br>v.<br><br>Adam Z. Griffiths,<br><br>    Defendant. | No. CV-18-00754-PHX-DJH<br><br>**ORDER** |

Before the Court are Plaintiff's Motions in Limine (Docs. 123-128), to which Defendant has filed Responses.[1] (Docs.129-134). The Court issues its preliminary rulings on Plaintiff's Motions.

**I.    Legal Standards**

   **A.    Motions in Limine**

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n.4 (1984). Motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d

---

[1] The Court notes that Plaintiff did not adhere to its Order (Doc. 105 at 2-3), which requires he certify an attempt to confer with Defendant to resolve his Motions in Limine prior to filing them. The Court will expect Plaintiff to explain why no such certification was made. The Court notes that several of Plaintiff's Motions need not have been filed if counsel engaged in the meet and confer process.

985, 1004–05 (9th Cir. 2003) (citations omitted). Generally, motions that seek exclusion of broad and unspecific categories of evidence are disfavored. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Also, motions in limine are "entirely within the discretion of the Court." *Jaynes Corp. v. American Safety Indem. Co.*, 2014 WL 1154180, at *1 (D. Nev. March 20, 2014) (citing *Luce*, 469 U.S. at 41–42).

Motions in limine are "provisional." *Goodman v. Las Vegas Metro. Police Dep't*, 963 F.Supp.2d 1036 (D. Nev. 2013), *aff'd in part, rev'd in part, and dismissed in part on other grounds*, 613 F. App'x 610 (9th Cir. 2015). The Court issues its rulings on these motions based on the record currently before it. Therefore, rulings on such motions "are not binding on the trial judge [who] may always change his [or her] mind during the course of a trial." *Id.* (quoting *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner))). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Id.* (citations omitted).

**B.     Relevance**

Motions in Limine generally argue certain evidence should be excluded as irrelevant or unfairly prejudicial. Rule 401[2] provides that "[e]vidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 402, relevant evidence is admissible unless otherwise provided. Fed. R. Evid. 402. However, all relevant evidence is subject to the balancing test set forth by Rule 403. That is, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court adheres to these principles in ruling on these motions.

---

[2] Except where otherwise noted, all Rule references are to the Federal Rules of Evidence.

### C. Plaintiff's Motions in Limine

**Plaintiff's Motion in Limine No. 1 (Doc. 123)**

Plaintiff seeks to exclude any reference to Plaintiff's status as a sexually violent predator/person (SVP) pursuant to Rules 401 and 403 of the Federal Rules of Civil Procedure. Plaintiff asserts that to the extent Plaintiff's commitment needs to be mentioned, it "may be satisfied through mere references to Plaintiff or his witnesses having been civilly committed at [the Arizona Community Protection and Treatment Center] (ACPTC)." Defendant responds that Plaintiff's status as a SVP must be mentioned for the jury to determine whether Defendant was "acting under color of state law" such that a § 1983 claim can be brought against him. Defendant provides no other argument for why Plaintiff's SVP status may be relevant.[3]

This case involves a credibility dispute about whether Defendant used excessive force upon Plaintiff. Introducing evidence or referring to Plaintiff as a sexually violent person/predator is not probative of any fact to be determined. Moreover, referring to Plaintiff as a sexually violent person/predator is highly prejudicial. Therefore, the Court will bar Defendant from referring to Plaintiff as a sexually violent person/predator. Defendant may refer to Plaintiff as having been "civilly committed." *See Cranford v. Baclagon*, No. 1:11-CV-00736-BAM, 2016 WL 6574160, at *3 (E.D. Cal. Jan. 22, 2016) (On § 1983 excessive force claim, "[t]he Court, on its own motion, is also precluding any evidence, testimony, arguments, or references to the terms 'sexually violent predator' or 'SVP,' or the fact that SVPs, prior offenders, and or prior convicted prisoners are housed at Plaintiff's facility, or that Plaintiff has or had any of these status. This evidence is not relevant to Plaintiff's Fourteenth Amendment excessive force claim, Fed. R. Evid. 401, and even if such information were relevant, it should be excluded because its probative

---

[3] This is the first time that Defendant has contested that he is a state actor. He claims that the jury must determine whether he was acting under color of state law, which is a legal question for the Court, not a jury. The Court has sought further briefing on this issue. Accordingly, the Court will resolve Plaintiff's Motion on the existing record.

value is substantially outweighed by a danger of unfair prejudice, Fed. R. Evid. 403.  As discussed at the January 21, 2016 hearing, Plaintiff and the other patients at Coalinga shall be referred to as a 'patient' or 'detainee' anytime it is necessary to discuss his status or the status of other detainees at Coalinga State Hospital.").

**IT IS ORDERED granting** Plaintiff's Motion in Limine No. 1 (Doc. 123).

**Plaintiff's Motion in Limine No. 2 (Doc. 124)**

Plaintiff seeks to limit Defendant's reference to a May 29, 2017 incident wherein he picked up a cart and repeatedly threw it at the window to the administrative area, broke both the cart and the window, and threw pieces of the cart at people, and fought staff who were trying to restrain him.  Defendant was one of the staff members that responded to that incident.  Plaintiff urges that the Court should limit Defendant's use of the May 29th incident to Defendant's knowledge of Plaintiff's state of mind or actions, and to provide a limiting instruction on how the jury should view this evidence. (Doc. 124 at 2).  Defendant argues that this is an improper motion because it seeks a jury instruction, rather than an evidentiary ruling. (Doc. 130 at 1).  Because Plaintiff's Motion seeks to limit the use of evidence, the Court will address it as an in limine motion and withhold determining whether a limiting instruction is warranted.

As discussed further below, Plaintiff places his May 29, 2017 conduct at issue.  Moreover, he concedes that the May 29th incident may have some probative value under Rule 404(b)(2).[4]  (Doc. 125 at 4).  Because the incident may provide context for the case at bar, including Plaintiff's state of mind and Defendant's knowledge, the May 29th incident is probative and relevant to Plaintiff's alleged excessive force claim.  The Court will, however, reserve ruling on its admissibility upon Defendant's laying proper foundation.

**IT IS ORDERED DENYING** Plaintiff's Motion in Limine No. 2 (Doc. 124).

. . . .

---

[4] 404(b)(2) provides "[E]vidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

- 4 -

**Plaintiff's Motion in Limine No. 3 (Doc. 125)**

Plaintiff seeks to preclude video evidence from the May 29, 2017 incident discussed above. Plaintiff argues that testimony and documentation are available on the May 29, 2017 incident, and Plaintiff does not dispute that the incident occurred or that Defendant responded to it. Plaintiff argues that under Rule 403, the video should be excluded as far more prejudicial than probative because it simply shows the jury Plaintiff engaging in bad acts during an entirely separate incident.

Defendant responds that Plaintiff made the May 29th footage relevant because he claims he is entitled to punitive damages because: "Defendant intended to harm Plaintiff on May 30, 2017, in retaliation for Plaintiff's episode on May 29, 2017" in the Proposed Joint Pretrial Order. The Court agrees.

Defendant also argues that the best evidence of the May 29, 2017 incident, regardless of its purpose of submission, is the surveillance video and not the memories of witnesses and documentation, which does not show every aspect of the event. Defendant further argues that the video needs to be submitted to the jury because it depicts the beginning of the story that ends with the May 30, 2017 incident and establishes Plaintiff's motive for attacking Defendant on May 30, 2017.

Though it is the best evidence of what occurred, the prejudice of this video likely outweighs its probative value. Defendant's concerns about the witness memories can be addressed by having the witness view the video, outside the presence of the jury,[5] to refresh their recollection. Accordingly, the May 29th incident may be introduced through witness testimony but the video may not be introduced.[6]

**IT IS ORDERED granting** Plaintiff's Motion in Limine No. 3 (Doc. 125).

---

[5] *See U.S. v. Summers*, 422 Fed. Appx. 838, 840 (11th Cir. 2011) (finding witness was competent to testify to what he independently remembered after having his recollection refreshed using audio and video recordings outside the presence of the jury).

[6] The Court may change its ruling if Plaintiff misrepresents what occurred on May 29th, 2017.

- 5 -

**Plaintiff's Motion in Limine No. 4 (Doc. 126)**

Pursuant to Rule 609(a)(1), Plaintiff seeks to exclude, as impeachment evidence, his conviction arising out of the May 29th incident. (Doc. 126 at 2). Plaintiff was convicted of Criminal Damage, a Class A Felony and Assault, a Class 1 Misdemeanor. (*Id*. at 2-3). Plaintiff also asserts that these convictions should be excluded under Rule 403. Defendant states that he never intended to use Plaintiff's misdemeanor conviction, but asserts that Plaintiff's felony conviction is admissible for impeachment purposes. The Court agrees.

The Court observes that admitting any felony conviction is prejudicial. However, Rule 609 sets the contours of admissibility for felony convictions. The Rule states: "attacking a witness's character for truthfulness by evidence of a criminal conviction . . . for a crime that . . . was punishable . . . by imprisonment for more than one year . . . ***must*** be admitted, subject to Rule 403, in a civil case . . . in which the witness is not a defendant[.]" (emphasis added). Thus, Plaintiff's felony conviction arising from the May 29th incident is presumed admissible unless its probative value is outweighed by undue prejudice. Yet, here, as has been previously discussed, Plaintiff argues that the May 29th issue is relevant to his claim because Defendant allegedly used excessive force on May 30th, in retaliation for that incident. The felony conviction establishes the fact of Plaintiff's conduct on May 29th and is therefore probative of Plaintiff's character for truthfulness should he propound differing versions of the May 29th incident. Accordingly, the Court finds that Rules 401 and 609 permit Defendant to attack Plaintiff's credibility with the felony conviction.

**IT IS ORDERED denying** Plaintiff's Motion in Limine No. 4 (Doc. 126).

**Plaintiff's Motion in Limine No. 5 (Doc. 127)**

Plaintiff's Motion seeks to preclude Defendant from introducing into evidence Plaintiff's prior sex offense felony convictions because "evidence related to the nature and circumstances of his prior sex offense convictions is so prejudicial that it risks entirely overshadowing all the substantive evidence in the case." (Doc. 127 at 3). He further asserts

that the prior convictions have no bearing on his truthfulness. (*Id.*). Plaintiff states that should the Court permit Defendant to reference the convictions it should only permit reference to "felony convictions." (*Id.*). Defendant states that the Court should permit it to impeach Plaintiff with all his felony convictions that meet the Rule 609 criteria. (Doc. 133).[7]

Plaintiff's prior felony convictions for acts of a sexually violent nature have limited, probative value to the case. The jury's determination is whether Defendant used excessive force upon him on May 30, 2017. So, there is some probative value as to the circumstances of his civil commitment which led him to be in the facility in which the alleged excessive force occurred. Accordingly, the Court will permit Defendant to impeach Plaintiff by referring to a "prior felony conviction," and his civil commitment to the ACPTC, without mentioning the factual details of his sex crimes.

**IT IS ORDERED denying** Plaintiff's Motion in Limine No. 5 (Doc. 127).

**Plaintiff's Motion in Limine No. 6. (Doc. 128).**

Plaintiff seeks to prohibit Defendant from impeaching his witnesses, ACPTC residents Campbell, Walker and Staats, with their prior sex offense convictions. (Doc. 128 at 2). Defendant states he "does not intend to elicit the nature of Plaintiff's witnesses underlying felony convictions," only that they have "felony convictions," if they meet the Rule 609 criteria. (Doc. 134). Accordingly, the Court will order Defendant not to refer to the subject matter of the witness's conviction, only that they have a "felony conviction."

/ / / /

/ / / /

/ / / /

/ / / /

---

[7] Here, too, Defendant asserts that "plaintiff's prior sexually violent felony offenses are a central issue to the applicability of § 1983" and whether Defendant acted under color of state law, so Defendant should be permitted to inquire into the predicate felonies. (Doc. 133 at 2). The Court will not consider this assertion for purposes of ruling on the Motion.

1    **IT IS ORDERED denying** Plaintiff's Motion in Limine No. 6 (Doc. 128) as moot.

2    Dated this 8th day of January, 2024.

```
                                    _____
                                    Honorable Diane J. Humetewa
                                    United States District Judge
```